COURT OF APPEALS
DECISION
DATED AND FILED

September 15, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2020AP515**

Cir. Ct. No. **2005CF86**

STATE OF WISCONSIN

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

DAMIEN L. WILSON,

   DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Jefferson County: ROBERT F. DEHRING, Judge. *Affirmed*.

Before Blanchard, P.J., Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Damien L. Wilson appeals a circuit court order that denied Wilson's postconviction motion for a new trial under WIS. STAT. § 974.06

(2019-20).[1]  Wilson contends that he is entitled to a new trial based on newly discovered evidence.  For the reasons set forth in this opinion, we conclude that the circuit court properly exercised its discretion by denying the motion.  Accordingly, we affirm.

¶2      In March 2005, Wilson was charged with second-degree child sexual assault.  At trial, the six-year-old victim, A.B.,[2] testified that Wilson had touched her between her legs, inside her underwear, four times during a night she stayed over at Wilson's apartment.  Wilson was convicted following trial.

¶3      In September 2014, Wilson filed a motion for postconviction relief under WIS. STAT. § 974.06.  He argued that he was entitled to a new trial based on the following newly discovered evidence:  (1) A.B. had recanted her accusation against Wilson; and (2) A.B. had falsely accused a bus driver of a similar sexual assault.  The circuit court granted Wilson a new trial based on the newly discovered impeachment evidence of the false accusation against the bus driver.  Wilson was convicted following his second trial.

¶4      In January 2019, Wilson filed the WIS. STAT. § 974.06 motion underlying this appeal.  Wilson argued that he is entitled to a new trial based on the newly discovered evidence that, when A.B. was in grade school, she told her childhood friend, C.D., that A.B. did not know who had touched her because her assailant's head was covered.  Wilson submitted a supporting affidavit from C.D.

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] To protect the identity of the victim, we refer to her as "A.B." and her childhood friend as "C.D."  *See* WIS. STAT. RULES 809.19(1)(g) and 809.86.

averring that A.B. "stated that she was not sure who touched her due to the fact the individual had something over their head."

¶5     The circuit court held an evidentiary hearing on Wilson's motion for a new trial based on newly discovered evidence.  At the hearing, C.D. testified that, when C.D. was ten years old and A.B. was nine years old, A.B. told C.D. that A.B. did not know who sexually assaulted her because *A.B.* was blindfolded at the time of the sexual assault.

¶6     The State cross-examined C.D. as to the inconsistency between her affidavit, in which she averred that A.B. told her that her assailant's head was covered, and C.D.'s in-court testimony, which was that A.B. said that A.B. was blindfolded.  On re-direct, defense counsel sought to clarify C.D.'s testimony, and C.D. stated:  "This was so long ago that -- I know that something has been said about a blindfold.  I know for a fact that something has been said about a blindfold, whether it was his head or her head, somebody was blindfolded."  C.D. continued:  "I can't quite say.  It was so long ago.  It was fifth grade.  I'm 22."

¶7     The circuit court determined that there is not a reasonable probability of a different result if C.D. testified at a new trial.  It cited the following as "problems" with C.D.'s averments and in-court testimony:  C.D. was Wilson's pen pal; C.D. could be impeached with her criminal record; the conversation between C.D. and A.B. was from twelve years prior; C.D.'s motivations could be questioned based on her stated animosity toward A.B.; and C.D. was unable to recall whether A.B. said that her assailant's head or her own head was covered.  The court therefore denied Wilson's motion for a new trial. Wilson appeals.

¶8 Wilson contends that he is entitled to a new trial based on the newly discovered evidence, premised on the proposition that C.D. would testify at a new trial that A.B. told C.D. that A.B. could not identify who sexually assaulted her. We disagree.

¶9 "The decision to grant or deny a motion for a new trial based on newly discovered evidence is committed to the circuit court's discretion." *State v. Avery*, 2013 WI 13, ¶22, 345 Wis. 2d 407, 826 N.W.2d 60. A defendant seeking a new trial based on newly discovered evidence must prove: "'(1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking the evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative.'" *State v. Plude*, 2008 WI 58, ¶32, 310 Wis. 2d 28, 750 N.W.2d 42 (quoted source omitted). If all four criteria are met, the court must determine whether there is a reasonable probability of a different result with the new evidence. *See Avery*, 345 Wis. 2d 407, ¶25.

¶10 The parties first dispute whether Wilson has established that the evidence was not merely cumulative to other evidence presented at trial. We will assume, without deciding, that Wilson has met the initial four criteria for a newly discovered evidence claim.[3] With that assumption, we turn to the question of whether there exists a reasonable probability of a different result with the newly discovered evidence.

¶11 Wilson argues that there is a reasonable probability of a different outcome at a new trial if C.D. were to testify that A.B. told C.D. that she could not

---

[3] It is undisputed by the parties that the other three initial criteria have been met; they dispute only whether C.D.'s testimony is cumulative to other impeachment evidence at trial.

identify the person who sexually assaulted her. He argues that the circuit court erred by considering only the problems with C.D.'s testimony, rather than considering the effect that this testimony would have on a jury. He contends that C.D.'s averments and in-court testimony to the effect that A.B. told her that A.B. was unable to see or identify her assailant—because either her assailant's head or her eyes were covered—may have swayed the jury to find a reasonable doubt. *See Avery*, 345 Wis. 2d 407, ¶28 ("A reasonable doubt as to a defendant's guilt has been found to exist when the reliability of a witness critical to the State's case is completely called into question by newly discovered evidence …."). He contends that the circuit court did not find C.D.'s testimony incredible, and that the weight of that testimony is therefore a matter for the jury. *See id.*, ¶25 ("While the court must consider the new evidence as well as the evidence presented at trial, the court is not to base its decision solely on the credibility of the newly discovered evidence, unless it finds the new evidence to be incredible."). He points out that a circuit court may not deny a newly discovered evidence claim based on the court's own determination that some witnesses are more credible than others, but instead the issue is whether a jury, itself weighing the relative credibility of multiple witness, could have a reasonable doubt as to guilt. *See State v. McCallum*, 208 Wis. 2d 463, 474-76, 561 N.W.2d 707 (1997); *State v. Edmunds*, 2008 WI App 33, ¶¶17-19, 308 Wis. 2d 374, 746 N.W.2d 590. We now discuss *McCallum* and *Edmunds* in more detail.

¶12 In *McCallum*, 208 Wis. 2d at 468, 474-75, our supreme court concluded that the circuit court erred by denying McCallum's motion to withdraw his *Alford*[4] plea based on the circuit court's determination that the newly

---

[4] *North Carolina v. Alford*, 400 U.S. 25 (1970).

discovered evidence—the victim's recantation—was less credible than the victim's original accusation. Our supreme court explained: "A reasonable jury finding the recantation less credible than the original accusation could, nonetheless, have a reasonable doubt as to a defendant's guilt or innocence." *Id.* at 474-75. The court also stated, however: "A finding that the recantation is incredible necessarily leads to the conclusion that the recantation would not lead to a reasonable doubt in the minds of the jury." *Id.* at 475.

¶13 In *Edmunds*, 308 Wis. 2d 374, ¶18, we explained that the circuit court erred by denying Edmunds's motion for a new trial based on its credibility determinations because "the circuit court expressly found that Edmunds's new evidence and the State's new evidence were both credible. The court then weighed the evidence and concluded that the State's evidence was stronger." We explained that, under *McCallum*,

> [a]fter determining that both parties presented credible evidence, it was not the court's role to weigh the evidence. Instead, once the circuit court found that Edmunds's newly discovered … evidence was credible, it was required to determine whether there was a reasonable probability that a jury, hearing all the … evidence, would have a reasonable doubt as to Edmunds's guilt.

*Id.* We explained that "a jury could have a reasonable doubt as to a defendant's guilt even if the State's evidence is stronger." *Id.*

¶14 Here, the circuit court explained that, given the "problems" it found with C.D.'s testimony (summarized above), there was not "a reasonable probability of a different result[.]" In other words, "in looking at both the old evidence and this additional evidence," there was not a reasonable probability that

6

the jury, "given just this additional evidence alone," would have "a reasonable doubt [about] the Defendant's guilt."

¶15 Thus, the circuit court did not find C.D.'s testimony to be credible and then weigh it against competing credible evidence, as was determined to be error in *McCallum* and *Edmunds*. Rather, the court here found numerous "problems" with C.D.'s testimony and explained that, based on those findings, the court determined that there is not a reasonable probability of a different result at a new trial with that testimony. We understand the court's reasoning as including the implicit finding that C.D.'s testimony, to the extent that she claimed to have a reliable memory that A.B. told C.D. that she could not identify the assailant, was incredible.[5] *See State v. Echols*, 175 Wis. 2d 653, 672, 499 N.W.2d 631 (1993) (implicit credibility determinations are sufficient if supported by the record). A circuit court's finding that a new witness is not credible "is the equivalent of finding that there is no reasonable probability of a different outcome on retrial." *State v. Carnemolla*, 229 Wis. 2d 648, 661, 600 N.W.2d 236 (Ct. App. 1999).

¶16 Wilson argues, however, that the circuit court erred in its determination that there is not a reasonable probability of a different result, based on the court's credibility determination. He asserts reasons that the court could have deemed C.D. credible. We are not persuaded. "The circuit court had the opportunity to view [C.D.'s] demeanor on the stand, weigh evidence of bias or

---

[5] Wilson does not contend that the circuit court had to explicitly find that C.D.'s testimony was incredible as a matter of law to rely on a credibility determination alone, and indeed, we have already rejected such an argument. In *State v. Carnemolla*, 229 Wis. 2d 648, 659, 600 N.W.2d 236 (Ct. App. 1999), we rejected the argument "that, to warrant denial of a new-trial motion, the newly discovered evidence must be 'incredible as a matter of law,' as opposed to not credible or not believable."

motive to testify falsely, consider past convictions and other impeaching evidence and look for any other indicia of reliability or the lack thereof." *See id.* Accordingly, the circuit court was "in the best position to evaluate the credibility of [her] testimony." *See id.* We discern no basis to disturb the circuit court's finding that C.D.'s testimony was not credible to the extent that she took the position that A.B. told C.D. that she could not identify her assailant. *See State v. Thiel*, 2003 WI 111, ¶23, 264 Wis. 2d 571, 665 N.W.2d 305 (we will not disturb a circuit court's credibility assessments unless they are clearly erroneous). The circuit court considered factors relevant to C.D.'s credibility, including that C.D. expressly testified that she was unable to recall the substance of her conversation with A.B. as to whose head or eyes were allegedly covered during the sexual assault and acknowledged that she had no reliable memory of the substance of the alleged conversation. Her admitted lack of reliable memories carried all the more weight in light of the material inconsistencies between her affidavit and her in-court testimony. We are not persuaded that the court erroneously exercised its discretion by finding that C.D.'s assertion about A.B.'s alleged statement to her was not credible, and in relying on that finding to determine that there is not a reasonable probability of a different result at a new trial. Accordingly, we affirm the denial of Wilson's postconviction motion.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.